IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ROBERT RANDOLPH, | : | MOTION TO VACATE |
| BOP No. 14894-032, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:11-CR-17-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:14-CV-153-HLM-WEJ |

**ORDER AND
FINAL REPORT AND RECOMMENDATION**

Movant, Robert Randolph, confined in the United States Penitentiary in Atlanta, Georgia, submitted a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [65] ("Motion to Vacate"). The government filed two Responses in opposition [67, 80], and movant filed a Reply [68]. Movant also filed a Motion to Supplement [72], which is **GRANTED** only insofar as movant seeks to supplement his grounds for relief. Following an evidentiary hearing, the parties filed briefs [81, 82]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate, as supplemented, be **DENIED**.

**I.   PROCEDURAL HISTORY**

In a superseding indictment filed on August 16, 2011, movant was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), and 924(e)(1) [23]. On June 5, 2012, movant pleaded guilty [53]. Pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), movant was subject to a mandatory minimum sentence of fifteen years of imprisonment because he had been convicted of three previous violent felonies. Accordingly, on August 23, 2012, the District Court sentenced movant to 180 months of imprisonment, followed by five years of supervised release [58]. Movant did not appeal. On August 1, 2013, movant timely executed his Motion to Vacate pursuant to 28 U.S.C. § 2255(f)(1). (Mot. Vacate 6; Order of Sept. 2, 2015 [69], at 3-4.)

## II.  STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting

2

Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)).

## III. DISCUSSION

Movant asserts two grounds in his Motion to Vacate, as supplemented: (1) trial counsel provided ineffective assistance by failing to file an appeal, as movant requested (ground one); and (2) the District Court improperly enhanced his sentence (ground two). (Mot. Vacate 2-6; Mot. Supplement 2-10.)

### A.   Ground One

In order to demonstrate ineffective assistance of counsel, movant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). "[A]n attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). "[A] defendant who shows that his attorney has ignored his wishes and failed

3

to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." Id. at 792 (citing Flores-Ortega, 528 U.S. at 484).

In the present case, movant and his counsel testified at an evidentiary hearing before the undersigned [76]. Movant testified that he understood that he gave up many of his rights to appeal by pleading guilty because his plea agreement contained an appeal waiver. (Tr. [77] 4, 9.) However, movant believed that he retained the right to appeal the issue of whether two of his prior convictions qualified as violent felonies under the ACCA. (Id.)

Movant further testified that he told counsel that he wanted to appeal shortly after sentencing. (Tr. [77] 10.) Two days later, movant sent counsel a letter asking him to file an appeal, but movant received no response, and he does not have a copy of the letter. (Id. at 17, 19.) Movant also called counsel's office several times in the days following sentencing, but movant spoke only to an investigator. (Id. at 19-21, 37.) Movant spoke with counsel several times beginning one month after sentencing. (Id. at 37.) Movant asked counsel whether certain cases applied to him, but movant did not explicitly ask counsel about an appeal. (Id. at 22-23, 37.)

4

Counsel testified that he explained to movant that he could appeal only if the District Court "imposed a sentence higher than fifteen years." (Tr. [77] 43.) Movant never communicated his belief that he had retained the right to appeal the issue of whether two of his prior convictions qualified as violent felonies under the ACCA. (Id. at 56, 60.)

Counsel further testified that he asked movant whether he wanted to appeal shortly after sentencing, and movant declined. (Tr. [77] 48-49, 62-66.) Counsel did not receive a letter or any telephone calls from movant in the days following sentencing. (Id. at 50-51, 66-67.) A few months later, movant asked counsel for copies of documents from his case but did not ask about an appeal. (Id. at 50-51.) Counsel had fifteen to twenty conversations with movant after sentencing, but he neither said that he wanted to appeal nor asked about the status of an appeal. (Id. at 51-52, 68.)

The key issue in the foregoing testimony is whether movant told counsel that he wanted to appeal, as movant testified, or whether he declined to appeal, as counsel testified. The undersigned finds that movant's testimony on that issue is not credible in light of his statements at the plea colloquy and sentencing. Movant (1) indicated to the District Court that he understood the plea agreement, including the appeal waiver contained therein, and (2) declined to speak at sentencing. (See Tr. [77] 25-30, 33-34.)

5

However, at the evidentiary hearing before the undersigned, movant testified that he actually did not "completely" understand the appeal waiver when he pleaded guilty and was sentenced. (Id. at 31-34.) Given movant's admitted lack of truthfulness at the plea colloquy and sentencing, the undersigned declines to credit his testimony that he instructed counsel to file an appeal.

In contrast, the undersigned finds that counsel's testimony regarding the appeal is credible. Counsel's testimony is consistent with the entire record, unlike movant's testimony. Having considered all of the evidence in this case, the undersigned concludes that movant has failed to meet his burden to show by a preponderance of the evidence that he instructed counsel to file an appeal. Counsel's failure to file an appeal did not constitute deficient performance, and movant's claim of ineffective assistance fails.[1]

Accordingly, the undersigned **RECOMMENDS** that ground one of the Motion to Vacate, as supplemented, be **DENIED**.

---

[1] In his brief following the evidentiary hearing, movant suggests that ground one also includes a claim that counsel failed to consult with him about an appeal, but the Motion to Vacate, as supplemented, cannot fairly be interpreted to include such a claim, and no testimony at the evidentiary hearing would support such a claim. (See Mov't Br. [81] 6-7.)

### B.     Ground Two

Movant claims that the District Court improperly enhanced his sentence. (Mot. Vacate 3-6; Mot. Supplement 2-10.) Movant relies on Descamps v. United States, 133 S. Ct. 2276 (2013),[2] and Johnson v. United States, 135 S. Ct. 2551 (2015).[3]

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external

---

[2] In Descamps, the United States Supreme Court discussed the proper approach for a sentencing court to determine whether a prior conviction qualifies as a predicate offense under the ACCA. Descamps, 133 S. Ct. at 2281. The ACCA "increases the sentences of certain federal defendants who have three prior convictions for a violent felony, including burglary, arson, or extortion." Id. (internal quotation marks omitted). The Court held that "when the crime of which the defendant was convicted has a single, indivisible set of elements" and "criminalizes a broader swath of conduct" than "the offense as commonly understood," the sentencing court may not consult documents such as indictments and jury instructions in performing the ACCA predicate offense analysis. Id. at 2281-82.

[3] In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA, 18 U.S.C. § 924(e)(2)(B)(ii),] violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563.

7

to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." Lynn, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece v. United States, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Lynn, 365 F.3d at 1234-35 (quoting Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal innocence." Id. at 1235 n.18 (citing Bousley v. United States, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

Ground two is procedurally defaulted because movant failed to raise his sentence enhancement on direct appeal. Although Descamps and Johnson had not been decided at the time when movant could have filed an appeal, the issue of his sentence enhancement was nonetheless available for appeal. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual

8

development." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam).[4] Movant fails to overcome the procedural default of ground two because he neither (1) shows cause and actual prejudice,[5] nor (2) presents proof of actual innocence.

Accordingly, the undersigned **RECOMMENDS** that ground two of the Motion to Vacate, as supplemented, be **DENIED**.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the

---

[4] If movant appealed, and Descamps and Johnson were decided during the pendency of that appeal, movant could have raised those cases in his appeal. If those cases were decided after movant's appeal had concluded, he could have raised them in a 28 U.S.C. § 2241 habeas corpus petition.

[5] "[P]erceived futility in raising an issue on direct appeal does not constitute cause for not doing so. . . . [E]ven though [subsequent judicial] decisions . . . were unavailable [at the time of sentencing, a movant] could have argued on appeal that his career-offender status was improper . . . ." Kerr v. United States, 463 F. App'x 812, 813 (11th Cir. 2012) (per curiam) (citation omitted).

AO 72A
(Rev.8/82)

applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

AO 72A
(Rev.8/82)

## V. CONCLUSION

For the reasons stated above, movant's Motion to Supplement [72] is **GRANTED** only insofar as movant seeks to supplement his grounds for relief. The undersigned **RECOMMENDS** that the Motion to Vacate [65], as supplemented, be **DENIED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 15th day of March, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)