# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

ROBERT RANDOLPH,

v.                                   CRIMINAL ACTION FILE
                                     NO.: 4:11-CR-17-01-HLM-
                                     WEJ

                                     CIVIL ACTION FILE NO.:
                                     4:14-CV-0153-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [65], as amended [72], on the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [83], and on Petitioner's Objections to the Order and Final Report and Recommendation [85].

## I.    Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).  If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

The Court has reviewed the procedural history portion of the Order and Final Report and Recommendation and the record in this action, and concludes that Judge Johnson correctly set forth the procedural history of this case. The Court therefore incorporates that portion of the Order and Final Report and Recommendation into this Order as if set

AO 72A
(Rev.8/8
2)

forth fully herein.  (Order & Final Report & Recommendation (Docket Entry No. 83) at 1-2.)

On March 15, 2016, Judge Johnson issued his Order and Final Report and Recommendation.  (Docket Entry No. 83.)  Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion, as amended.  (Id.)

Petitioner has filed Objections to the Final Report and Recommendation.  (Docket Entry No. 85.)  The Court finds that no response by the Government to those Objections is necessary, and concludes that the matter is ripe for resolution.

AO 72A
(Rev.8/8
2)

## III. Discussion

### A. Standard of Review

The Court applies the same standard of review as set forth in the Order and Final Report and Recommendation. (Order & Final Report & Recommendation at 2-3.)

### A. Ground One: Failure to File a Notice of Appeal

On September 24, 2015, Judge Johnson held an evidentiary hearing to address Petitioner's contention that his counsel failed to file a notice of appeal. (Docket Entry No. 76.) Petitioner was represented by appointed counsel at that hearing. (Docket Entry No. 71.) Judge Johnson provided an accurate summary of the relevant testimony from that evidentiary hearing in the Order and Final Report and Recommendation. (Order & Final Report &

5

Recommendation at 4-6.)  Judge Johnson also correctly set forth the governing law.  (Id. at 3-4.)

The Court finds that Judge Johnson properly evaluated the testimony of Petitioner and his former counsel, Matthew Dodge, given at the evidentiary hearing.  (Order & Final Report & Recommendation at 5-6.)  The Court therefore will not disturb Judge Johnson's finding that Mr. Dodge's testimony was more credible than Petitioner's testimony. (Id.)  The Court agrees with Judge Johnson that Petitioner's testimony that he told counsel that he wanted to appeal "is not credible in light of his statements at the plea colloquy and sentencing."  (Id. at 5.)  Further, the Court cannot disagree with Judge Johnson's decision not to credit Petitioner's testimony at the evidentiary hearing in light of "[P]etitioner's admitted lack of truthfulness at the plea

6

colloquy and sentencing." (Id. at 6.)   The Court further agrees with Judge Johnson that Petitioner's former "[c]ounsel's testimony is consistent with the entire record, unlike [Petitioner's] testimony." (Id.)   Under those circumstances, Judge Johnson properly concluded that Petitioner "failed to meet his burden to show by a preponderance of the evidence that he instructed counsel to file an appeal." (Id.)  With all due respect to Petitioner, nothing in his Objections warrants a different conclusion. (Objs. (Docket Entry No. 85) at 1-3.) Petitioner thus is not entitled to relief on this ineffective assistance of counsel claim.[1]  The Court therefore adopts this portion of the Final

---

[1] Judge Johnson properly rejected Petitioner's post-evidentiary hearing suggestion that his "counsel failed to consult with him about an appeal." (Order & Final Report & Recommendation at 6 n.1.)  Again, nothing in Petitioner's Objections warrants a different conclusion.  (See generally Objs.)

AO 72A
(Rev.8/8
2)

Report and Recommendation, and overrules Petitioner's corresponding objections.

## B.   Ground Two: Alleged Improper Sentence

In Ground Two, as amended, Petitioner argues that the sentencing court improperly enhanced his sentence.   (§ 2255 Motion at 3-6; Mot. Supplement at 2-10.)   Judge Johnson correctly found that this claim was procedurally barred.  (Order & Final Report & Recommendation at 7-9.) As Judge Johnson noted, Petitioner filed to raise this issue on direct appeal, and the issue was available for appeal even though Descamps v. United States, 133 S. Ct. 2276 (2013) and Johnson v. United States, 135 S. Ct. 2551 (2015) had not yet been decided.  (Id. at 8-9.)  Further, the Court agrees with Judge Johnson that Petitioner failed to show cause and prejudice for the default.  (Id. at 9.)  Again,

AO 72A
(Rev.8/8
2)

nothing in Petitioner's Objections warrants a different result-
-Petitioner's claim is procedurally defaulted and he has not
shown cause and prejudice to excuse the default or actual
innocence. (Objs. at 3-8.) The Court therefore adopts this
portion of the Final Report and Recommendation, and
overrules Petitioner's corresponding objections.

## C.   Certificate of Appealability

The Court also agrees with Judge Johnson that a
certificate of appealability is not warranted. (Order & Final
Report & Recommendation at 9-10.) Specifically, "the
resolution of the issues presented is not debatable by jurists
of reason." (Id. at 10.) To the extent that Petitioner argues
to the contrary in his Objections, he has not shown that he
is entitled to a certificate of appealability. The Court
therefore adopts this portion of the Order and Final Report

AO 72A
(Rev.8/8
2)

and Recommendation, and declines to issue a certificate of appealability.

## IV.  Conclusion

ACCORDINGLY, the Court **ADOPTS** the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [83], **OVERRULES** Petitioner's Objections to the Order and Final Report and Recommendation [85], and **DENIES** Petitioner's § 2255 Motion [65], as amended [72].   The Court **DECLINES** to issue a certificate of appealability.   Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No.

10

4:14-CV-0153-HLM-WEJ.

IT IS SO ORDERED, this the 29 day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)